[No. 5105.]
[No. 2686 C. A.]

VEERKAMP v. GOODRICH ET AL.

1. **Fraudulent Conveyances — Pleading — General Denial — Evidence Admissible.**

In an action to subject to a judgment a lot standing in the name of another than the judgment debtor, on the ground that it had been placed in the name of such other person to defraud creditors, evidence was admissible under a general denial that the funds for the purchase and improvements upon such lot were furnished from the resources of the one in whose name stood the title.—P. 391.

2. **Appellate Practice—Findings—Conflicting Evidence.**

Where the evidence is substantially conflicting, the findings of the trial court will not be disturbed on appeal.—P. 392.

*Appeal from the District Court of Rio Grande
County.*

*Hon. C. C. Holbrook, Judge.*

Action by James P. Veerkamp against George
W. Goodrich and Beatrice Curtiss. From a judg-
ment in favor of defendants, plaintiff appeals.

*Affirmed.*

Mr. J. M. RICKARDS and Mr. JAMES P. VEER-
KAMP, for appellant.

Mr. JESSE STEPHENSON, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of
the court:

This was an action to subject a certain village
lot standing in the name of Beatrice Curtiss to a
judgment against George W. Goodrich. A trial to
the court resulted in findings and judgment for the
defendants. The case is here on appeal.

The complaint charged, *inter alia,* that the real
estate in question was in fact the property of the
judgment debtor—the defendant Goodrich—and that
it had been placed in the name of his co-defendant,
Beatrice Curtiss, for the purpose of defrauding the
creditors of Goodrich and among them this plaintiff.
The answer denied certain material allegations of
the complaint, among them the averments just cited
as to ownership and fraud.

Certain improvements had been made on the lot
in question, among them a residence and out-build-
ings. The lot was in value about $100.00, the im-
provements thereon about $500.00. As tending to
establish the vital issue of fraud, evidence was ad-
duced tending to show that these improvements were
made, paid for and owned by the defendant Good-
rich. The defendants, to overcome the effect of this
evidence and to support their defense of a general

denial, adduced evidence tending to show that the funds for the purchase of the lot and the making of the improvements were provided out of her resources by the defendant Beatrice Curtiss. It is contended that this evidence was not admissible under a general denial, that it could only be admitted when affirmatively pleaded.

We cannot see how there can be any question as to the admissibility of this evidence under the general denial. It directly negatived the allegations of the complaint and the contention of the plaintiff that Goodrich in truth owned the property and that it stood only for purposes of fraud in the name of Beatrice Curtiss. It tended to prove that Goodrich was at no time the owner of the property, but that its real owner was at all times the defendant Beatrice Curtiss.

"The general denial puts in issue all the material averments of the complaint or petition and permits the defendant to prove any and all facts which tend to negative those averments or some one or more of them."—Pom. Rem., § 691; *Sylvis v. Sylvis,* 11 Colo. 319, 330.

Some contention is made that the evidence does not sustain the findings of the court. There was evidence for the plaintiff tending to show that Goodrich was the real owner of the property in question; there was evidence for the defendants, notably that of the defendants themselves, which, if credited, showed that Beatrice Curtiss was the real owner of such property and that Goodrich was at no time its owner. The pith of the matter is the findings of the court were upon evidence substantially conflicting and we are bound by them. This rule has been repeatedly announced. Judgment affirmed.      *Affirmed.*

Chief Justice Gabbert and Mr. Justice Maxwell concurring.